# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARRIE JONES,**

        **Plaintiff,**

**-vs-**                                                                 **Case No. 6:04-cv-540-Orl-31KRS**

**SCHOOL BOARD OF ORANGE COUNTY, FLORIDA,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION FOR ATTORNEYS' FEES (Doc. No. 38)**
>
> **FILED:** April 28, 2005
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant School Board of Orange County (School Board) seeks to recover attorney's fees incurred in responding to Plaintiff Carrie Jones' amended motion to compel discovery (doc. no. 30). In her motion, Jones sought an order compelling the School Board to produce additional documents responsive to her requests for production. *Id.* The School Board responded that it had produced all responsive documents within its possession, custody or control. Doc. No. 33.

I denied Jones' amended motion to compel on two grounds. Doc. No. 34. First, I found that Jones did not present any evidence that the School Board's representation that there were no other

responsive records currently within its possession, custody or control was inaccurate, or that the School Board failed to conduct a good faith search for responsive records.[1] *Id.* at 2. Second, I found that some of the documents Jones sought were not responsive to her written discovery requests. *Id.* at 3.

Pursuant to Fed. R. Civ. P. 37(a)(4)(B), whenever a motion to compel disclosure or discovery is denied, the court "shall . . . require the moving party or the attorney filing the motion . . . to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." "An individual's discovery conduct should be found substantially justified if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *United Steel Works of America v. IVACO, Inc.*, No. 1:01-CV-0426-CAP, 2002 WL 31932875 *7 (N.D. Ga. Jan. 13, 2003) (internal quotation marks and citation omitted). "The rule does not require a demonstration of bad faith." *Id.* "The great operative principle of Rule 37(a)(4) is that the loser pays." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2288 (2d ed. 1994).

I find that Jones' amended motion to compel was not substantially justified under the present circumstances. As noted above, Jones failed to submit any evidence of non-compliance on the part

---

[1] With respect to request for production number 15, I ordered the School Board to advise Jones' counsel in writing whether it had any documents responsive to that request as it pertained to any complaints filed with the School Board by two individuals, Amy Mulcahy and Nicole Shipley. The School Board subsequently advised Jones' counsel that it did not have any documents regarding this issue.

of the School Board in support of her motion.  Moreover, Jones' counsel concedes that "[i]n hindsight, the motion was not a good use of time."  Doc. No. 39 at 2.  The School Board seeks to recover $560.00 in attorney's fees incurred in responding to Jones' amended motion to compel.  I find that this amount is reasonable.

Accordingly, Jones' attorney is hereby **ORDERED** to pay counsel for the School Board the sum of $560.00 to represent the expenses it incurred in responding to Jones' amended motion to compel.  Jones' attorney shall tender this sum to counsel for the School Board on or before June 17, 2005.

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties